888 F.2d 724
 Raymon J. MELTON, Plaintiff-Appellee/Cross-Appellant,
v.
CITY OF OKLAHOMA CITY, a municipal corporation, Lloyd A.
Gramling, Chief of Police for the City of Oklahoma City,
Gerald L. Emmett, Assistant Chief of Police for the City of
Oklahoma City, Marvin Maxwell, Major, Oklahoma City Police
Department, William R. Chambless, Major, Oklahoma City
Police Department, Carl Smith, Lieutenant, Oklahoma City
Police Department, Robert Taylor, Lieutenant, Oklahoma City
Police Department, David McBride, Lieutenant, Oklahoma City
Police Department, and Paula Hearn, Assistant to the City
Manager, Defendants-Appellants/Cross-Appellees.
 Nos. 85-1738 to 85-1742 and 85-1811.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 3, 1989.
 
 ORDER FOR REHEARING EN BANC
 Before HOLLOWAY, Chief Judge, McKAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY and EBEL, Circuit Judges, and SAFFELS, District Judge*.
 PER CURIAM.
 
 
 1
 Before the court are defendants'-appellants' petitions for rehearing with suggestion for rehearing en banc. Upon a vote of the panel members, see 879 F.2d 706, the petitions for rehearing are denied. A majority of the court's active judges, however, agree to rehear these cases en banc limited to the following issues:
 
 
 2
 1. Whether the district court committed plain error in instructing the jury that a liberty interest may be violated by charges which "would stigmatize the employee's reputation or foreclose future employment opportunities"?
 
 
 3
 2. Whether the district court committed plain error in failing to instruct the jury that before a liberty interest may be infringed, the charges must be found to be false?
 
 
 4
 3. Whether the plaintiff was entitled to a name-clearing hearing complete with the right to confront and cross-examine witnesses before the disciplinary review board, assuming dissemination of the perjury charges deprived plaintiff of a liberty interest?
 
 
 5
 4. Further assuming plaintiff is entitled to some sort of a hearing, need it be pre-termination, or would some post-termination hearing or name-clearing opportunity be adequate?
 
 
 6
 The clerk of court is hereby directed to enter the appropriate briefing and oral argument schedule.
 
 
 7
 SO ORDERED.
 
 
 
 *
 Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation